UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Joseph Hayes, | ) C/A No. 5:13-3245-JMC-KDW |
| | ) |
|      Plaintiff, | ) |
| | ) |
| vs. | ) REPORT AND RECOMMENDATION |
| | ) |
| Marcia Fuller, SCDC Dietician; | ) |
| John and Jane Does, Kershaw Cafeteria Supervisors; | ) |
| Michael L. Fair, Legislative Audit Council, et al., and | ) |
| Boyd H. Parr, Director of Poultry Products and Inspection, *in their official capacities and in their individual or personal capacities*, | ) |
| | ) |
|      Defendants. | ) |

Plaintiff, Joseph Hayes ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, brings this civil rights action against Defendants, seeking compensatory, nominal, and punitive damages and declaratory and injunctive relief pursuant to 42 U.S.C. § 1983, for alleged violations of his Eighth Amendment rights. Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the undersigned United States Magistrate Judge[1] is authorized to review such complaints for relief and to submit findings and recommendations to the District Court.

**BACKGROUND**

This case was originally filed as a civil rights action, purportedly brought by 91 prisoners at the Kershaw Correctional Institution ("KCI"), in Kershaw, South Carolina. By Order of United

---

[1] Initially assigned to United States Magistrate Judge Bruce Howe Hendricks, this matter was reassigned to the undersigned on February 10, 2014. ECF No. 25.

States District Judge J. Michelle Childs dated November 22, 2013, Plaintiffs' claims in the original case were severed into 91 separate actions. ECF No. 1. The assigned United States Magistrate Judge was authorized to issue orders pursuant to the court's Local Rules and General Order issued in *In Re: Procedures in Civil Actions Filed by Prisoner Pro Se Litigants*, 3:07-mc-5014-JFA (D.S.C. Sept. 18, 2007), and to conduct an initial review of this case and the other 90 cases in compliance with 28 U.S.C. § 1915 and 28 U.S.C. § 1915A. Plaintiff has now complied with the two proper-form orders issued in this case, and the required initial review has been conducted.

Plaintiff alleges that the SCDC Defendants—SCDC Dietician Marcia Fuller and John and Jane Does—knowingly and wilfully failed to provide adequate nutrients and vitamins in meals served to Plaintiff, allegedly subjecting him to imminent danger of serious physical injuries. Plaintiff further alleges that Defendant Fair has failed to investigate the SCDC despite repeated requests to do so, and that Defendant Parr failed to respond to inquiries and complaints about the poultry used by SCDC and to complaints that SCDC menus falsely list beef dishes that are actually comprised of poultry products. Compl. 3-4, ECF No. 2.

In connection with its second proper-form Order in this case, the court asked Plaintiff to respond to special interrogatories to provide additional information required for the initial review. ECF No. 22. Plaintiff complied with the court's directions, and the court has now reviewed his Answers to the Court's Special Interrogatories. ECF No. 31. Of particular importance for purposes of this Report are Plaintiff's responses to the first special interrogatory concerning the issue of whether Plaintiff exhausted his SCDC administrative remedies prior to bringing this action. Plaintiff stated that he is still in the "informal resolution" part of the SCDC administrative remedy process and has not yet filed either a Step 1 or Step 2 grievance. He acknowledges that he has not received a final

agency determination of his concerns about the food service at KCI. He references District Judge Child's Order of November 22, 2013 (the initial Order in this case) and asserts that the Order gave "a grace period to file a grievance, stating appropriate time it will dismiss without prejudice." *Id*. at 1. The undersigned reviewed the portion of Judge Child's Order to which Plaintiff referred, and the only sentence from which a "grace period" to complete administrative exhaustion might be inferred states: [T]he court will not grant a continuance for co-Plaintiffs to exhaust administrative remedies but, at the appropriate time, will instead dismiss without prejudice any of the cases for which Plaintiffs are unable to demonstrate exhaustion." Order 8, ECF No. 1. This sentence provides no "grace period" applicable to Plaintiff. Rather, the sentence was the court's response to the lead Plaintiff's request that the court grant a 90-day "continuance" to allow each prisoner listed as a plaintiff in one of the 91 severed cases to complete the SCDC administrative remedy process.

## INITIAL REVIEW

Under established local procedure in this judicial district, a careful review has been made of the pro se complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. The review has been conducted in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978). The Complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action is "frivolous or malicious," or "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §1915(e)(2)(B)(I),

(ii), (iii). Hence, under 28 U.S.C. §1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed sua sponte. *Neitzke v. Williams*, 490 U.S. 319 (1989).

This court is required to liberally construe pro se documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5 (1980) (per curiam). Even under this less stringent standard, however, a pro se complaint is subject to summary dismissal. The mandated liberal construction afforded pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't. of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## **DISCUSSION**

Plaintiff's Complaint should be summarily dismissed without service on Defendants because it was filed before he fully exhausted his SCDC administrative remedies as required by 42 U.S.C. § 1997e. In enacting the Prison Litigation Reform Act of 1996 ("the PLRA"), Congress carved out an exception to the general rule that exhaustion of state remedies is not a prerequisite to filing a civil rights suit. The PLRA amended § 1997e so that it now provides, "No action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The United States Supreme Court held that "Congress has mandated exhaustion clearly enough, regardless of the relief offered through

4

administrative procedures." *Booth v. Churner*, 532 U.S. 731, 741 (2001); *see Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006) (prisoners must "properly exhaust" their administrative remedies before coming into court by using all steps available and doing it the way the agency's policy requires); *Porter v. Nussle*, 534 U.S. 516, 532 (2002) (exhaustion applies to all kinds of "inmate suits about prison life . . . ."). Although the lack of exhaustion of administrative remedies is generally considered an affirmative defense, and not a jurisdictional infirmity, *Jones v. Bock*, 549 U.S.199, 211-12 (2007), in this Circuit, if the lack of exhaustion is apparent from the face of the prisoner's complaint or from additional facts requested by the court (such as answers to special interrogatories), sua sponte dismissal prior to service of the complaint is appropriate. *See Anderson v. XYZ Corr. Health Serv.*, 407 F. 3d 674, 683 (4th Cir. 2005). The court is not required to keep a case like this on its docket while the plaintiff pursues administrative exhaustion. *See Woodford v. Ngo,* 548 U.S. at 84-85; *Ballenger v. Barkley*, No. Civ. A. 6:03-3333-27AK, 2004 WL 3312009, * 3 (D.S.C. July 27, 2004). Specifically, the current SCDC policy requires prisoners to undertake attempts at informal resolution of the problems before filing a Step 1 Grievance form and attaching a copy of the prisoner's informal Request to Staff Member ("RTSM"). The warden at the prisoner's institution is required to provide a response to any properly submitted Step 1 grievance within a certain time period. If the prisoner does not agree with the warden's response, then a Step 2 grievance must be filed and the "responsible person" at SCDC headquarters is required to provide the agency's "final answer" within a certain amount of time. *See* SCDC Policy/Procedure GA-01.12, §§ 11; 13.1-13.10 (Oct. 1, 2010, as amended by "Change 2, dated March 9, 2013"). The decision of the "responsible official" who answers the Step 2 appeal is the Department's final response in the matter. *Id.* § 13.7.

In this case, Plaintiff's failure to fully exhaust the SCDC grievance process (informal resolution, Step 1, and Step 2) with regard to the problems he alleges regarding KCI food-service before filing this lawsuit is fatal to this case. His own answers to the court's special interrogatories about his use of the SCDC administrative process show that he has not yet filed a Step 1 grievance and appears to still be in the RTSM stage of the process. Plaintiff's lack of administrative exhaustion prior to the filing of this case is clear on the face of his pleadings and requires dismissal of the premature Complaint he filed in this case. Because the case should be dismissed without prejudice, Plaintiff may file another case based on the same facts and allegations after he fully completes the SCDC administrative remedy process.

## RECOMMENDATION

Accordingly, it is recommended that the District Court dismiss the Complaint in this case *without prejudice*. *See Denton v. Hernandez*; *Neitzke v. Williams; Haines v. Kerner; Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

IT IS SO RECOMMENDED.

January 4, 2012  
Florence, South Carolina

Kaymani D. West  
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).